UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.<br><br>    Plaintiff,<br><br>    v.<br><br>CODE200, UAB; OXYSALES, UAB; METACLUSTER LT, UAB<br><br>    Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Luminati Networks Ltd. ("Luminati" or "Plaintiff") brings this action under the patent laws of the United States, Title 35 of the United States Code, and makes the following allegations against code200, UAB ("Code200") and sister companies metacluster lt, UAB, also known as UAB metacluster lt and metacluster, UAB ("Metacluster") and oxysales, UAB ("Oxysales")  (collectively "Defendants"):

**THE PARTIES**

1. Plaintiff Luminati is an Israeli company having a principal place of business at 3 Hamahshev St., Netanya 42507, ISRAEL.

2. Upon information and belief, Defendant Code200 is a Lithuanian corporation located at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania.  Upon information and belief, Code200's predecessor-in-interest UAB Tesonet ("Tesonet") underwent a corporate restructuring in late 2018, after the filing of Luminati's complaint in this Court against Tesonet on July 18, 2018 (Case No. 2:19-cv-299-JRG, "First Action"), resulting in the creation of the following sister

companies: Teso LT, UAB; Metacluster; Oxysales; Code200; and coretech, UAB. Upon information and belief, each of the sister companies share common ownership and control. Upon information and belief, since the restructuring in late 2018, Code200 has and continues to use, offer to sell, and/or sell and/or import into the United States the patented inventions of the Asserted Patent within the United States, specifically including the Oxylabs Data Center Proxies Service provided previously by Tesonet.

3. Upon information and belief, Defendant Metacluster is a Lithuanian corporation related to Teso and the other Defendants that was incorporated as the result of a corporate restructuring of Tesonet, its predecessor-in-interest. Upon information and belief, Metacluster is located at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania, the same location as Teso and the other Defendants. Upon information and belief, Defendants share common ownership and control. Upon information and belief, since the restructuring in late 2018, Metacluster has and continues to use, offer to sell, and/or sell and/or import into the United States the patented inventions of the Asserted Patents within the United States, specifically including the "Real-Time Crawler," provided previously by predecessor in interest Tesonet. Upon information and belief, Metacluster is a successor in interest in Tesonet's Real-Time Crawler service.

4. Upon information and belief, Defendant Oxysales is a Lithuanian corporation related to Teso and the other Defendants that was incorporated as the result of a corporate restructuring of Tesonet, its predecessor-in-interest. Oxysales is located at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania, the same location as Teso and the other Defendants. Upon information and belief, Defendants share common ownership and control. Upon information and belief, since the restructuring in late 2018, Oxysales has and continues to at least sell or offer to sell the data center proxy services provided by Code200 and Metacluster and previously provided

by predecessor in interest Tesonet. Upon information and belief, Oxysales is a successor in interest to Tesonet.

5. Upon information and belief, Defendants have and continue to use, provide, sell, and offer to sell as well as import into the United States data center proxy services including Oxylabs Data Center Proxy Service and Real-Time Crawler when it uses the Oxylabs Data Center Proxy Service ("Accused Instrumentalities"), including through direct communication with customers including customers in the United States and, for example, through Defendants' website. https://oxylabs.io/. Upon information and belief, Defendants share common shareholders and jointly provide, sell and offer to sell the Accused Instrumentalities through the same website. As such, Defendants are jointly and severally liable for infringing the Asserted Patents.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, and 1367.

8. This Court has personal jurisdiction over Code200 because it, directly or through its subsidiaries, divisions, groups, or distributors, has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas, and/or pursuant to Fed. R. Civ. P. 4(k)(2). On information and belief, Code200 transacts substantial business in the State of Texas, directly or through agents, including: (i) at least a portion of the infringement alleged herein, and (ii) regularly does or solicits business in Texas, engages in other persistent courses of conduct, maintains continuous and systematic contacts within this Judicial District, purposefully avails itself of the privilege of doing business in Texas, and/or derives substantial revenue from services

provided in Texas. For example, Defendants advertise their proxy servers as located throughout the world, including the United States and upon information and belief has customers and servers located in Texas which implement at least a portion of the infringement herein.

9. This Court has personal jurisdiction over Metacluster because it, directly or through its subsidiaries, divisions, groups, or distributors, has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas, and/or pursuant to Fed. R. Civ. P. 4(k)(2). On information and belief, Metacluster transacts substantial business in the State of Texas, directly or through agents, including: (i) at least a portion of the infringement alleged herein, and (ii) regularly does or solicits business in Texas, engages in other persistent courses of conduct, maintains continuous and systematic contacts within this Judicial District, purposefully avails itself of the privilege of doing business in Texas, and/or derives substantial revenue from services provided in Texas. For example, Metacluster's Real-Time Crawler Service sometimes utilizes Code200's Data Center Proxy Service, which upon information and belief has servers located in the State of Texas which implement at least a portion of the infringement herein.

10. This Court has personal jurisdiction over Oxysales because it, directly or through its subsidiaries, divisions, groups, or distributors, has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas, and/or pursuant to Fed. R. Civ. P. 4(k)(2). On information and belief, Oxysales transacts substantial business in the State of Texas, directly or through agents, including: (i) at least a portion of the infringement alleged herein, and (ii) regularly does or solicits business in Texas, engages in other persistent courses of conduct, maintains continuous and systematic contacts within this Judicial District, purposefully avails itself of the privilege of doing business in Texas, and/or derives substantial revenue from services provided in Texas. For example, Oxysales sells and offers for sale Defendants' Accused

Instrumentalities which upon information and belief includes servers located in the State of Texas which implement at least a portion of the infringement herein.

11. Upon information and belief, Defendants' data proxy servers are located throughout the United States, including upon information and belief in Texas. *See e.g.* https://www.privateproxyreviews.com/oxylabs/. Defendants tout the location of data center servers around the world and United States.



https://oxylabs.io/locations



https://oxylabs.io/products/datacenter-proxies

12. This Court has general jurisdiction over Defendants due to their continuous and systematic contacts with the State of Texas and this jurisdiction. Further, Defendants are subject to this Court's jurisdiction because they committed patent infringement in the State of Texas and this jurisdiction.

13. Following *Brunette Machine Works v. Kockum Industries, Inc.*, 406 U.S. 706 1972), venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, upon information and belief, Defendants are foreign entities.

**FACTUAL ALLEGATIONS**

14. Derry Shribman and Ofer Vilenski are the sole inventors of a number of patents, including U.S. Patent Nos. 10,484,511 (Exhibit A, "'511 Patent" or "Asserted Patent") issued on November 19, 2019. The '511 Patent claims priority to provisional application no. 61/249,624 filed on October 8, 2009. The Asserted Patent was issued after the filing of the complaint resulting in the First Action.

15. Luminati identifies its patents on its website at https://luminati.io/patent-marking#system-and-method-for-streaming-content-from-multiple-servers.  Luminati is the assignee of the Asserted Patent.

16. Luminati, formerly known as Hola Networks Ltd. ("Hola"), provides multiple proxy services including a data center proxy service and a residential proxy service.

17. Upon information and belief, "Oxylabs" is the brand name for Defendants' former Tesonet businesses collectively and generally, including but not limited to their data center proxy services, including the Accused Instrumentalities as shown below:



https://oxylabs.io

18. On July 19, 2018, prior to the issuance of the Asserted Patents, Luminati filed a complaint for infringement of and U.S. Patent Nos. 9,241,044 ("'044 Patent") and 9,742,866

("'866 Patent"), both of which are related to residential proxy services in the First Action in this Court.

19.    Upon information and belief, Defendants offer "large-scale web data extraction" products and services under the Oxylabs brand. https://oxylabs.io/ (Exhibit B).  Defendants tout their data center proxy network as including a pool of over 2 million dedicated proxy IP addresses 721 thousand of which being located in the United States.  https://oxylabs.io/.   Upon information and belief, this data center proxy network is used to access content such as webpages, audio and video content over the Internet, wherein that content is stored on a webserver and identified by a Uniform Resource Locator (URL).  Upon information and belief, Defendants' data center proxy network supports the data center proxy services of "Data Center Proxy Service" and "Real-Time Crawler," as shown in the images below.  Upon information and belief Defendants have contractual relationships with one another related to at least the sale and use of the Accused Instrumentalities including a contractual relationship between Code200 and related company Metacluster requiring Code200 to provide data center proxy devices in support of Metacluster's "Real-Time Crawler" service. *See e.g.* https://oxylabs.io/legal/dtc-acceptable-use-policy; *see also* https://tesonet.com/about/privacy-policy/; and https://oxylabs.io/legal/rtc-acceptable-use-policy.

**WHAT SOLUTIONS DO YOU OFFER?**

Here at Oxylabs, we offer data center IPs and residential proxies that support HTTP/HTTPS & Socks 4/5 protocols.
- A Residential Proxy is an IP address that is assigned from a standard Internet Service Provider (ISP) to a homeowner.
- A Data Center IP is an IP address that comes from a secondary corporation and is not owned by an ISP.

https://oxylabs.io/.

# Global Coverage Proxy Servers

We offer proxies in every country and every city in the world.

**Get started**

https://oxylabs.io/locations

# Real-Time Crawler for e-commerce

Track product pricing changes in the most popular retail marketplace. With Real-Time Crawler, you can extract data from product pages, product offer listing pages, reviews, questions & answers, search results or from any URL in general.

What about the residential proxy pool? These proxies enable data collection without IP bans, this way assuring anonymity as well. The same goes for the Real-Time Crawler as it uses both data center and residential proxies.

All localized domains and pagination are supported. Historical pricing data is stored as well.

https://oxylabs.io/products/real-time-crawler

https://oxylabs.io/faq. Upon information and belief, these data center proxies include data center servers located in Texas.

20. Defendants provide a data center proxy service through the Accused Instrumentalities allowing an Oxylabs service customer to utilize data center proxy devices in fetching content over the Internet. Upon information and belief, Defendants' code installed on the data center servers causes the devices to perform the steps of at least claims 1, 14, 17, 20, 21, 22, 25, 27, 28, 29 and 30 of the '511 Patent. This code is under the control of Defendants, either directly or via Defendants' contractual relationship with its partners. As this code is under the control of Defendants, Defendants cause each of these steps to also be performed. In addition, given Defendants' contractual relationship with its customers, the customers utilization of the Accused Instrumentalities also causes each of the claimed steps to be performed. Upon information and belief, client devices, including those controlled by Defendants' customers, can use the Accused Instrumentalities to fetch content over the Internet by sending a query to a server of the Accused Instrumentalities. Upon information and belief, this query can comprise a URL corresponding with a webpage, audio and/or video content stored on a web server.

21. Upon information and belief, the Oxylabs data center proxy network of the Accused Instrumentalities is based upon a large number of data center servers located around the World, including in the United States. *See e.g.* https://oxylabs.io/locations. Upon information and belief, each data center server stores a group of IP addresses as shown below. Upon information and belief, upon receiving a request for content from a client device, a server of the Accused Instrumentalities can select an IP address from the group of addresses for sending the request to a web server.



https://oxylabs.io/products/datacenter-proxies

https://oxylabs.io/products/datacenter-proxies

22. Upon information and belief, as shown above, in fetching content for the client device, the server (a) receives a URL from the client device; (b) selects an IP address from a group of IP addresses stored on the server; (c) sends the URL to a web server using the selected IP address; (d) receives the requested content from the web server, which can comprise a web page, audio and/or video content; and (e) sends the content to the client device.

23. Upon information and belief, the selecting by the server of the Accused Instrumentalities may be done by a criterion, such as, one non-limiting example, IP usage.

24. Upon information and belief, the client device may be addressed by an IP address, which can be stored on the server, as shown in the below example regarding whitelisting.

## Can you whitelist my data center IPs?

If you are using proxies directly (without proxy VM), you can whitelist your IPs yourself. Just log in to the page https://stats.oxylabs.io and on the sidebar at the bottom you will see a section named "Add Whitelist". After clicking on the link you will be navigated to self whitelist page which looks like this:

Whitelist ips

Whitelist for socks and IP rotator is not available yet. Please contact your account manager regarding this.

[ Add ]

After you finish adding whitelist please upload to server

[ Upload to server ]

Here you just need to enter or delete all of your IP addresses one by one and click the *Upload to server* button. You can also whitelist subnets up to 24 by yourself. For whitelisting a larger subnet please contact your account manager.
If you are using rotator machine or SOCKS proxies you can not whitelist your IP addresses by yourself, instead you would need to give us a list of IP address you will use to connect to your proxies. We will then add them to firewall exception (whitelist them), so you can then access your proxies directly without login credentials.

https://learn.oxylabs.io/hc/en-us/articles/360012784192-Can-you-whitelist-my-data-center-IPs-

25. Upon information and belief, the server of the Accused Instrumentalities is a Transmission Control Protocol/Internet Protocol (TCP/IP) server that communicates of the Internet with client devices based on TCP/IP protocol. Upon information and belief, this server stores, operates or uses a server operating system and uses a software application including instructions to carry out the steps for fetching content as discussed above.

26. Upon information and belief, the web server is a Hypertext Transfer Protocol (HTTP) server responding to HTTP requests and addressed int eh Internet using a web server IP address.



https://learn.oxylabs.io/hc/en-us/articles/360013020071-Which-protocols-are-supported-by-Oxylabs-

**COUNT I**
(Infringement of the '511 Patent)

27. Luminati repeats and re-alleges the allegations contained in paragraphs 1-26 of this Complaint as if fully set forth herein.

28. The '511 Patent entitled "System Providing Faster and More Efficient Data Communication" was duly and legally issued by the U.S. Patent and Trademark Office on November 19, 2019, from Application No. 16/278,109 filed on February 17, 2019, a continuation of Application No. 15/957,950, which is a continuation of application No. 14/025,109, which is a

divisional of application No. 12/836,059, all of which claim priority to provisional application 61/249,624 filed on October 8, 2009. A true and accurate copy of the '511 Patent is attached hereto as Exhibit A.

29. Each and every claim of the '511 Patent is valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

30. Luminati is the sole owner of the '511 Patent and has rights to past damages.

31. Independent Claim 1 of the '511 Patent recites:

> A method for fetching, by a first client device, a first content identified by a first content identifier and stored in a web server, for use with a first server that stores a group of IP addresses, the method by the first server comprising:
>
> receiving, from the first client device, the first content identifier;
>
> selecting, in response to the receiving of the first content identifier from the first client device, an IP address from the group;
>
> sending, in response to the selecting, the first content identifier to the web server using the selected IP address;
>
> receiving, in response to the sending, the first content from the web server; and
>
> sending the received first content to the first client device, wherein the first content comprises a web-page, an audio, or a video content, and wherein the first content identifier comprises a Uniform Resource Locator (URL).

32. As described above, upon information and belief, the Accused Instrumentalities comprise a server ("first server"), which receives from a client device ("first client device") a URL ("first content identifier") for content comprising a web-page, audio or video content ("first content") stored on a web server. Upon information and belief, the server selects an IP address

14

from a group of IP addresses stored on the server in response to receiving the first content identifier and sends the URL to the web server using the selected IP address.  Upon information and belief, the server receives the first content from the web server in response to sending the URL and sends the received first content to the first client device.

33. The '511 Patent includes a number of dependent claims.  In addition to practicing the steps of independent claim 1, upon information and belief as discussed above, Defendants and others using Defendants' Accused Instrumentalities also practice the steps of at least the following dependent claims:

Claim 14: The method according to claim 1, for use with a criterion stored in the first server, wherein the selecting is according to, or based on, the criterion.

Claim 17: The method according to claim 14, wherein the criterion is based on, or comprises, a response time when communicating.

Claim: 20: The method according to claim 1, wherein the first client device is addressed over the Internet using a first Internet Protocol (IP) address, and the method further comprising storing, in the first server, the first IP address.

Claim 21: The method according to claim 1, wherein the first server is a Transmission Control Protocol/Internet Protocol (TCP/IP) server that communicates over the Internet with client devices based on, according to, or using, TCP/IP

protocol or connection.

Claim 22:  The method according to claim 1, wherein the first server communicates over the Internet based on, or according to, one out of UDP, DNS, TCP, FTP, POP#, SMTP, or SQL standards.

Claim 25: The method according to claim 1, wherein the sending of the first content identifier to the web server comprises using the selected IP address as a source address.

Claim 27: The method according to claim 1, wherein the first client device is identified by a first Internet Protocol (IP) address, Media Access Control (MAC) address, or a hostname.

Claim 28: The method according to claim 1, further comprising storing, operating, or using, by the first server, a server operating system.

Claim 29: The method according to claim 1, for use with a software application that includes computer instructions that, when executed by a computer processor, cause the processor to perform the steps of the claim 1.

Claim 30: The method according to claim 1, wherein the web server comprises a web server that is a Hypertext Transfer Protocol (HTTP) server responding to HTTP requests and addressed in the Internet using a web server Internet Protocol (IP) address.

34. Defendants have actual notice of the '511 Patent since at least the filing of this Complaint and know at least from this Complaint that implementation of the Accused Instrumentalities using data servers in the United States infringe at least claims 1, 14, 17, 20, 21, 22, 25, 27, 28, 29, and 30 of the '511 Patent.

35. Upon information and belief Defendants sold, offered to sell, used, tested, and imported and continue to sell, offer to sell, use, test, and import the Accused Instrumentalities into the United States. Defendants import their software, which is implemented on servers located in the United States. Defendants' software in the Accused Instrumentalities implements the steps of at least the above claims of the Asserted Patent and is not used for other commercial services or products. Defendants provide the data proxy center service of the Accused Instrumentalities to

their customers with the knowledge and intent that the customers' implementation of the service using residential proxies located in the U.S. would infringe the '511 Patent.

36. Defendants have been and are now infringing at least directly, indirectly and/or contributorily, one or more claims including at least claims 1, 14, 17, 20, 21, 22, 25, 27, 28, 29, and 30 of the '511 Patent, both literally and/or under the doctrine of equivalents, by implementing the Accused Instrumentalities using data center proxy servers located in the United States without authority and/or license from Luminati, and Defendants are liable to Luminati under 35 U.S.C. § 271 *et seq.*, including but not limited to under Sections 271(a), (b), (c) and/or (g). On information and belief, at least since the service of this Complaint, Defendants have been aware of the Asserted Patents yet have continued to infringe and cause proxies in the United States under Defendants' control to infringe claims of the Asserted Patents and have induced infringement. On further information and belief, Defendants have developed, used, offered to sell and/or sold within the United States and imported into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. On further information and belief, Defendants also import and sell as well as cause others to use within the United States a product which is made by a process patented in the United States whereby the importation, offer to sell, sale, and/or use of the product occurs during the term of such process patent. Such products may include for example, the set of results sent to customers in the United States as created and assembled by the patented methods of the Asserted Patents.

37. As a result of Defendants' infringement of the '511 Patent, Luminati has suffered and continues to suffer damages. Thus, Luminati is entitled to recover from Defendants the damages Luminati sustained as a result of Defendants' wrongful and infringing acts in an amount no less than its lost profits and/or a reasonable royalty, together with interest and costs fixed by this Court together with increased damages up to three times under 35 U.S.C. § 284.

38. Luminati has suffered damage because of the infringing activities of Defendants, their officers, agents, servants, employees, associates, partners, and other persons who are in active concert or participation therewith, and Luminati will continue to suffer irreparable harm for which there is no adequate remedy at law unless Defendants' infringing activities are preliminarily and permanently enjoined by this Court. Luminati practices the Asserted Patents. Non-exclusive examples of damage incurred by Luminati as a result of Defendants' infringement include, but are not limited to, lost profits and/or a reasonable royalty, loss of market share, lowered prices and the inability of Luminati to obtain the revenues and profits it would have been able to obtain but for the infringement, lost sales in other services when customers did not purchase Data Center proxy services from Luminati as a result of the infringement, and loss of convoyed sales of other related services that Luminati would have sold but for the infringement.

39. Defendants' infringement of the '511 Patent is and continues to be deliberate and willful because Defendants were and are on notice of the '511 Patent at least as early as this Complaint, yet Defendants continue to infringe the '511 Patent. This case should be deemed an exceptional case under 35 U.S.C. § 285, and if so, Luminati is entitled to recover its attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Luminati respectfully requests that this Court enter:

A. A judgment in favor of Luminati that the Defendants have and are infringing the Asserted Patents;

B. A judgment declaring Defendants' infringement to be willful;

C. A judgment declaring that this case is exceptional within the meaning of 35 U.S.C. § 285;

D. A permanent injunction enjoining Defendants, their officers, directors, agents, servants, employees, associates, partners, and other persons who are in active concert or participation with Defendants including the officers, directors, agents, servants, employees and associates of Defendants' partners, from infringing the Asserted Patents and/or such other equitable relief the Court determines is warranted in this case;

E. A judgment and order requiring the Defendants to pay to Luminati its damages, enhanced damages, costs, expenses, prejudgment and post-judgment interest, and attorneys' fees, if applicable, for the Defendants' infringement of the Asserted Patents as provided under 35 U.S.C. §284 and/or §285, and an accounting of ongoing post-judgment infringement; and

F. Any and all other relief, at law or in equity that this Court deems just or proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luminati hereby demands a trial by jury of all issues so triable.

Dated: December 6, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Korula T. Cherian*
　　　　　　　　　　　　　　　　　　　　S. Calvin Capshaw
　　　　　　　　　　　　　　　　　　　　State Bar No. 03783900
　　　　　　　　　　　　　　　　　　　　Capshaw DeRieux, LLP
　　　　　　　　　　　　　　　　　　　　114 E. Commerce Ave.
　　　　　　　　　　　　　　　　　　　　Gladewater, TX 75647
　　　　　　　　　　　　　　　　　　　　Telephone: 903-845-5770
　　　　　　　　　　　　　　　　　　　　ccapshaw@capshawlaw.com

　　　　　　　　　　　　　　　　　　　　Korula T. Cherian
　　　　　　　　　　　　　　　　　　　　Robert Harkins
　　　　　　　　　　　　　　　　　　　　RuyakCherian LLP
　　　　　　　　　　　　　　　　　　　　1936 University Ave, Suite 350
　　　　　　　　　　　　　　　　　　　　Berkeley, CA  94702

　　　　　　　　　　　　　　　　　　　　Amadou Kilkenny Diaw
　　　　　　　　　　　　　　　　　　　　Corrine Saylor Davis
　　　　　　　　　　　　　　　　　　　　Ronald Wielkopolski
　　　　　　　　　　　　　　　　　　　　RuyakCherian LLP
　　　　　　　　　　　　　　　　　　　　1700 K St. NW, Suite 810
　　　　　　　　　　　　　　　　　　　　Washington, DC 20006

　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**
　　　　　　　　　　　　　　　　　　　　**LUMINATI NETWORKS LTD.**