IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **Luminati Networks Ltd.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Code200, UAB, Oxysales, UAB, and Metacluster LT, UAB,**<br><br>    Defendants. | Civil Action No.<br>2:19-cv-00396-JRG |

**OXYLABS' ANSWER AND COUNTERCLAIMS TO LUMINATI'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Code200, UAB ("Code200"), Oxysales, UAB ("Oxysales"), and Metacluster LT, UAB ("Metacluster") (collectively, "Oxylabs") file this Answer and Counterclaims to Plaintiff Luminati Networks Ltd.'s ("Luminati") Amended Complaint for Patent Infringement (the "Complaint") (ECF No. 26). All allegations of the Complaint not expressly admitted or not specifically responded to by Oxylabs are denied.

**THE PARTIES**

1.   Oxylabs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the allegations.

2.   Responding to Paragraph 2, Oxylabs admits that Code200 is a Lithuanian entity with an address at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania. Oxylabs further admits that Code200 was created as a result of a corporate restructuring in late 2018 relating to UAB Tesonet, and that the corporate restructuring took place after the filing of Luminati's complaint on July 19, 2018 against UAB Tesonet in a lawsuit styled *Luminati Networks Ltd. v. UAB*

1

*Tesonet*, Case 2:18-cv-00299-JRG (E.D. Tex.) (the "First Action"). Oxylabs further admits that the restructuring led to the creation of Teso LT, UAB ("Teso"), Metacluster, Oxysales, Code200, and coretech lt, UAB ("Coretech"). Oxylabs further admits that Teso, Metacluster, Oxysales, and Code200 are all owned by Coretech. Oxylabs denies that Code200 "has and continues to use, offer to sell, and/or sell and/or import into the United States the patented inventions of the Asserted Patent within the United States."

3. Responding to Paragraph 3, Oxylabs admits that Metacluster is a Lithuanian entity related to Teso and that Metacluster was created as a result of a corporate restructuring in late 2018 relating to UAB Tesonet. Oxylabs admits that Metacluster has an address at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania and that this address is also an address of Teso, Code200, and Oxysales. Oxylabs further admits that Teso, Metacluster, Oxysales, and Code200 are all owned by Coretech. Oxylabs denies that "since the restructuring in late 2018, Metacluster has and continues to use, offer to sell, and/or sell and/or import into the United States the patented inventions of the Asserted Patents within the United States, specifically including the 'Real-Time Crawler,' provided previously by predecessor in interest Tesonet." Metacluster admits that it sells the Real Time Crawler service.

4. Responding to Paragraph 4, Oxylabs admits that Oxysales is a Lithuanian entity related to Teso, Code200, and Metacluster and that Oxysales was created as a result of a corporate restructuring in late 2018 relating to UAB Tesonet. Oxylabs admits that Oxysales has an address at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania and that this address is also an address of Teso, Code200, and Metacluster. Oxylabs further admits that Metacluster, Oxysales, and Code200 are all owned by Coretech. Oxylabs admits that Oxysales offers sales support for data center proxies provided by Code200 and the Real Time Crawler service provided by Metacluster.

Oxylabs further admits that Tesonet previously provided data center proxies and the Real Time Crawler service.

5. Responding to Paragraph 5, Oxylabs admits that Oxylabs offers the data center proxy product and/or Real Time Crawler service when it uses Oxylabs' data center proxies (collectively, the "Accused Instrumentalities") and that certain customers of the Accused Instrumentalities are located in the United States. Oxylabs admits that it maintains the website https://oxylabs.io, which contains information about the Accused Instrumentalities. Oxylabs further admits that Metacluster, Oxysales, and Code200 are all owned by Coretech. Oxylabs denies that "Defendants are jointly and severally liable for infringing the Asserted Patents."

## JURISDICTION AND VENUE

6. Oxylabs admits that Luminati has brought a lawsuit alleging patent infringement under the laws of the United States, as alleged in Paragraph 6. Oxylabs denies that it infringes any patents.

7. Oxylabs admits that this Court has subject-matter jurisdiction over the lawsuit, as alleged in Paragraph 7.

8. Responding to Paragraph 8, Oxylabs states that Code200 does not contest personal jurisdiction in the instant case only. Oxylabs otherwise denies the allegations in Paragraph 8.

9. Responding to Paragraph 9, Oxylabs states that Metacluster does not contest personal jurisdiction in the instant case only. Oxylabs otherwise denies the allegations in Paragraph 9.

10. Responding to Paragraph 10, Oxylabs states that Oxysales does not contest personal jurisdiction in the instant case only. Oxylabs otherwise denies the allegations in Paragraph 10.

11.    Responding to Paragraph 11, Oxylabs states that it has data center proxy servers located throughout the United States, including in Texas. Oxylabs further states that its website speaks for itself.

12.    Oxylabs denies the allegations in Paragraph 12.

13.    Responding to Paragraph 13, Oxylabs states that it does not contest venue and that Oxysales, Code200, and Metacluster are not United States entities.

### FACTUAL ALLEGATIONS

14.    Responding to Paragraph 14, Oxylabs admits that U.S. Patent No. 10,484,511 (the "'511 patent") states, on its face, that it issued on November 19, 2019. Oxylabs admits that U.S. Patent No. 10,637,968 (the "'968 patent") states, on its face, that it issued on April 28, 2020. (The '511 patent and the '968 patent, collectively, the "Patents-in-Suit.") Oxylabs further states that the Patents-in-Suit speak for themselves. Oxylabs admits that Luminati filed its complaint in the First Lawsuit before November 19, 2019 and April 28, 2020.

15.    Responding to Paragraph 15, Oxylabs states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies the allegations.

16.    Oxylabs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies the allegations.

17.    Responding to Paragraph 17, Oxylabs admits that it markets certain products or services under the "Oxylabs" brand (including the Accused Instrumentalities) and that Oxylabs' website speaks for itself.

18.    Responding to Paragraph 18, Oxylabs admits that, on July 19, 2018, Luminati filed its complaint in the First Lawsuit, prior to the Patents-in-Suit issuing. Otherwise, Oxylabs

denies the allegations in Paragraph 18.

19. Responding to Paragraph 19, Oxylabs states that its website speaks for itself. Oxylabs admits that the Oxylabs entities have contractual relationships amongst each other. Oxylabs admits that it has data center servers located in Texas. Otherwise, Oxylabs denies the allegations in Paragraph 19.

20. Responding to Paragraph 20, Oxylabs admits that it provides a data center proxy service and the Accused Instrumentalities. Otherwise, Oxylabs denies the allegations in Paragraph 20.

21. Responding to Paragraph 21, Oxylabs states that its website speaks for itself. Otherwise, Oxylabs denies the allegations in Paragraph 21.

22. Oxylabs denies the allegations in Paragraph 22.

23. Oxylabs denies the allegations in Paragraph 23.

24. Responding to Paragraph 24, Oxylabs states that its website speaks for itself. Otherwise, Oxylabs denies the allegations in Paragraph 24.

25. Oxylabs denies the allegations in Paragraph 25.

26. Responding to Paragraph 26, Oxylabs states that its website speaks for itself. Otherwise, Oxylabs denies the allegations in Paragraph 26.

27. Responding to Paragraph 27, Oxylabs states that its website speaks for itself. Otherwise, Oxylabs denies the allegations in Paragraph 27.

28. Responding to Paragraph 28, Oxylabs states that its website speaks for itself. Otherwise, Oxylabs denies the allegations in Paragraph 28.

29. Responding to Paragraph 29, Oxylabs states that its website speaks for itself. Otherwise, Oxylabs denies the allegations in Paragraph 29.

30. Responding to Paragraph 30, Oxylabs states that its website speaks for itself. Otherwise, Oxylabs denies the allegations in Paragraph 30.

31. Responding to Paragraph 31, Oxylabs states that its website speaks for itself. Otherwise, Oxylabs denies the allegations in Paragraph 31.

COUNT I
(ALLEGED INFRINGEMENT OF THE '511 PATENT)

32. Oxylabs incorporates the foregoing paragraphs by reference as if fully set forth herein.

33. Responding to Paragraph 33, Oxylabs admits that what purports to be a true and correct copy of the '511 patent is attached as ECF No. 26-1. Oxylabs further states that the '511 patent speaks for itself. Oxylabs otherwise denies the allegations in Paragraph 33.

34. Responding to Paragraph 34, Oxylabs states that 35 U.S.C. § 282 speaks for itself. Oxylabs otherwise denies the allegations in Paragraph 34.

35. Oxylabs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies the allegations.

36. Responding to Paragraph 36, Oxylabs states that Claim 1 of the '511 patent speaks for itself.

37. Oxylabs denies the allegations in Paragraph 37.

38. Responding to Paragraph 38, Oxylabs states that the '511 patent speaks for itself. Oxylabs otherwise denies the allegations in Paragraph 38.

39. Oxylabs denies the allegations in Paragraph 39.

40. Oxylabs denies the allegations in Paragraph 40.

41. Oxylabs denies the allegations in Paragraph 41.

42. Oxylabs denies the allegations in Paragraph 42.

43. Oxylabs denies the allegations in Paragraph 43.

44. Oxylabs denies the allegations in Paragraph 44.

## COUNT II
### (ALLEGED INFRINGEMENT OF THE '968 PATENT)

45. Oxylabs incorporates the foregoing paragraphs by reference as if fully set forth herein.

46. Responding to Paragraph 46, Oxylabs admits that what purports to be a true and correct copy of the '968 patent is attached as ECF No. 26-2. Oxylabs further states that the '968 patent speaks for itself. Oxylabs otherwise denies the allegations in Paragraph 46.

47. Responding to Paragraph 47, Oxylabs states that 35 U.S.C. § 282 speaks for itself. Oxylabs otherwise denies the allegations in Paragraph 47.

48. Oxylabs is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies the allegations.

49. Responding to Paragraph 49, Oxylabs states that Claim 1 of the '968 patent speaks for itself.

50. Oxylabs denies the allegations in Paragraph 50.

51. Responding to Paragraph 51, Oxylabs states that the '968 patent speaks for itself. Oxylabs otherwise denies the allegations in Paragraph 51.

52. Oxylabs denies the allegations in Paragraph 52.

53. Oxylabs denies the allegations in Paragraph 53.

54. Oxylabs denies the allegations in Paragraph 54.

55. Oxylabs denies the allegations in Paragraph 55.

56. Oxylabs denies the allegations in Paragraph 56.

57. Oxylabs denies the allegations in Paragraph 57.

## LUMINATI'S PRAYER FOR RELIEF

58. Oxylabs admits that Luminati requests certain relief from the Court. Oxylabs denies that Luminati is entitled to any relief.

## LUMINATI'S DEMAND FOR JURY TRIAL

59. Oxylabs admits that Luminati has demanded a trial by jury of all issues so triable. Oxylabs demands, pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

## DEFENSES

60. Without altering the burden of proof, Oxylabs asserts the following defenses, which are based upon an investigation that is not complete. Oxylabs' investigation of its defenses is continuing, and Oxylabs reserves the right to assert all defenses under Federal Rule of Civil Procedure 8, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon, among other things, discovery and further investigation in this case.

## FIRST DEFENSE
## (NON-INFRINGEMENT)

61. Oxylabs has not directly or indirectly, literally or under the doctrine of equivalents, infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the Patents-in-Suit, and is not liable for infringement thereof.

## SECOND DEFENSE
## (INVALIDITY)

62. The claims of the Patents-in-Suit are invalid and/or void for failure to meet the conditions for patentability specified by 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 282 and/or the Rules and Regulations of the United States Patent & Trademark Office.

### THIRD DEFENSE
### (LIMITATION ON DAMAGES)

63. Luminati's claims for relief are limited by 35 U.S.C. §§ 286-287 and/or 28 U.S.C. § 1498.

### FOURTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

64. By reason of proceedings in the United States Patent & Trademark Office, and by reasons of amendments, statements, admissions, omissions and/or representations made by the applicants or on their behalf, Luminati is estopped from asserting infringement of the Patents-in-Suit against Oxylabs.

### FIFTH DEFENSE
### (DISCLOSURE-DEDICATION)

65. Luminati's claims are barred to the extent that Luminati has dedicated to the public systems, methods, and/or products disclosed in the Patents-in-Suit but not literally claimed therein.

### SIXTH DEFENSE
### (EXTRATERRITORIALITY)

66. Oxylabs asserts that Luminati's claims are barred, in whole or in part, by extraterritoriality principles. For example, the Patents-in-Suit do not apply outside of the United States and, further, all steps of the methods of the asserted claims must be performed entirely in the United States. *See, e.g.*, *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005). Luminati has not shown that all steps of the methods of the asserted claims are performed in the United States.

### JURY DEMAND (ANSWER)

67. Oxylabs demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury on all issues so triable.

## **OXYLABS' PRAYER FOR RELIEF (ANSWER)**

68. Oxylabs requests that the Court enter a judgment in Oxylabs' favor as follows:

   A. Dismissing Luminati's Complaint in its entirety, with prejudice;

   B. Declaring that Luminati is not entitled to any relief, whether in law or equity or otherwise, from its suit against Oxylabs;

   C. Declaring that Oxylabs does not infringe and has not infringed the Patents-in-Suit;

   D. Declaring that the claims of the Patents-in-Suit are invalid;

   E. Permanently enjoining Luminati, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the Patents-in-Suit against Oxylabs or any parents, affiliates, or subsidiaries of Oxylabs or any of their respective officers, agents, employees, successors, and assigns;

   F. Declaring that this is an exceptional case in Oxylabs' favor pursuant to 35 U.S.C. § 285;

   G. Awarding Oxylabs its costs, expenses, and reasonable attorney's fees, whether pursuant to 35 U.S.C. § 285 or otherwise; and

   H. Entering an Order that Oxylabs shall have and recover from Luminati any and all such other and further relief, general and special, at law or in equity, to which Oxylabs may be justly entitled.

## **COUNTERCLAIMS**

69. Pursuant to Federal Rule of Civil Procedure 13, Oxylabs files these Counterclaims against Luminati, and states as follows:

**PARTIES**

70. Code200, UAB is an entity organized and existing under the laws of the Republic of Lithuania with its principal place of business at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania.

71. Oxysales, UAB is an entity organized and existing under the laws of the Republic of Lithuania with its principal place of business at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania.

72. Metacluster LT, UAB is an entity organized and existing under the laws of the Republic of Lithuania with its principal place of business at A. Goštauto g. 40A, LT-03163, Vilnius, Lithuania.

73. Luminati states that it is an entity organized and existing under the laws of Israel with its principal place of business at 3 Hamahshev Street, Netanya 42507, Israel.

**JURISDICTION AND VENUE**

74. These Counterclaims arise under the Patent Act, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

75. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, as well as 35 U.S.C. § 1 *et seq.*

76. This Court has personal jurisdiction over Luminati by virtue of, at a minimum, the filing of Luminati's Complaint and, on information, Luminati's business activities in this district and the State of Texas.

77. Venue is proper in this Court because, at a minimum, Luminati's claim of infringement is pending in this Court, as well as 28 U.S.C. § 1391(b), (c)(3).

## FACTS

78. Luminati has accused Oxylabs of infringing the Patents-in-Suit. Oxylabs does not infringe the Patents-in-Suit, as explained in Oxylabs' interrogatory responses (in particular, Oxylabs' response to Interrogatory No. 13), which Oxylabs incorporates by reference as if fully set forth herein.

79. Additionally, the Patents-in-Suit are invalid, as explained in Oxylabs' Invalidity Contentions, Amended Invalidity Contentions, and Eligibility Contentions, which Oxylabs incorporates by reference as if fully set forth herein.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENTS-IN-SUIT)

80. Oxylabs incorporates the foregoing paragraphs by reference as if fully set forth herein.

81. This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the Patents-in-Suit.

82. Luminati has alleged in its Complaint that Oxylabs has infringed one or more claims of the Patents-in-Suit.

83. Oxylabs has not in any manner infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the Patents-in-Suit, either directly or indirectly, or literally or under the doctrine of equivalents, and is not liable for infringement thereof.

84. Oxylabs requests a judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

85. This is an exceptional case entitling Oxylabs to an award of its attorney's fees in-

curred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT II**
**(DECLARATORY JUDGMENT OF INVALIDITY OF PATENTS-IN-SUIT)**

86. Oxylabs incorporates the foregoing paragraphs by reference as if fully set forth herein.

87. This is an action for declaratory judgment of invalidity of any and all claims of the Patents-in-Suit.

88. The Patents-in-Suit are invalid and/or void for failure to meet the conditions for patentability specified by 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 282 and/or the Rules and Regulations of the United States Patent & Trademark Office.

89. Oxylabs requests a judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

90. This is an exceptional case entitling Oxylabs to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**JURY DEMAND (COUNTERCLAIMS)**

91. Oxylabs demands, pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

**PRAYER FOR RELIEF (COUNTERCLAIMS)**

92. Oxylabs requests that the Court:

    A.    Dismiss Luminati's Complaint in its entirety, with prejudice;

    B.    Declare that Luminati is not entitled to any relief, whether in law or equity or otherwise, from its suit against Oxylabs;

C. Declare that Oxylabs does not infringe and has not infringed the Patents-in-Suit;

D. Declare that the claims of the Patents-in-Suit are invalid;

E. Permanently enjoin Luminati, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the Patents-in-Suit against Oxylabs or any parents, affiliates, or subsidiaries of Oxylabs or any of their respective officers, agents, employees, successors, and assigns;

F. Declare that this is an exceptional case in Oxylabs' favor pursuant to 35 U.S.C. § 285;

G. Award Oxylabs its costs, expenses, and reasonable attorney's fees, whether pursuant to 35 U.S.C. § 285 or otherwise; and

H. Grant Oxylabs such other and further relief, general and special, at law or in equity, as the Court deems just and equitable.

Dated: February 23, 2021

Respectfully submitted,

*/s/ Craig Clark*

MICHAEL C. SMITH
  Texas State Bar No. 18650410
  michaelsmith@siebman.com
**SIEBMAN, FORREST,
BURG & SMITH LLP**
113 East Austin Street
Marshall, Texas 75671
Telephone: (903) 938-8900
Telecopier: (972) 767-4620

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
CRAIG TOLLIVER
  Texas State Bar No. 24028049
  ctolliver@ccrglaw.com
GEORGE T. "JORDE" SCOTT
  Texas State Bar No. 24061276
  jscott@ccrglaw.com
MITCHELL SIBLEY
  Texas State Bar No. 24073097
  msibley@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Defendants Code200, UAB, Oxysales, UAB, and Metacluster LT, UAB*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 23, 2021. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                           /s/ Steven Callahan
                                           STEVEN CALLAHAN